

FILED BY _NH_ D.C.

DEC 1 1 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. (To Be Assigned)

EDWARD SARTAN, Davie/Florida

individually and derivatively on behalf of

FLOTENT LLC, a Florida limited liability company,

Plaintiff,

v.

ALEKSEY MARFITSIN, an individual believed to be residing in Uzbekistan,

OTABEK RAKHMATULLAEV, an individual believed to be residing in Uzbekistan,

FLOTENT CHEMICALS RUS LLC, a Russian entity,

FLOTENT CHEMICALS SHANGHAI CO LTD, a Chinese entity,

FLOTENT CHEMICALS CA LLC, an Uzbekistan entity,

JOHN DOE ENTITIES 1-10, foreign entities operating under the FLOTENT brand,

and

FLOTENT LLC, a Florida limited liability company (nominal defendant),

Defendants.

_____/

1

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Edward Sartan** ("Sartan" or "Plaintiff"), individually and derivatively on behalf of **Flotent LLC**, by and through himself pro se, sues Defendants and alleges:

## I. NATURE OF THE ACTION

1.  This is a civil action for:

    o   Trademark infringement and false designation of origin under the **Lanham Act**, 15 U.S.C. §§ 1114, 1125(a);

    o   **Civil RICO** and RICO conspiracy under 18 U.S.C. §§ 1962(c) and 1962(d);

    o   **Civil theft, breach of fiduciary duty, conversion, unjust enrichment, accounting, and equitable relief** under Florida law.

2.  Plaintiff is:

    o   A founding organizer, member, and former managing member/President of the U.S.-based Flotent entities;

    o   The individual who built the U.S. banking, credit, operational, and trademark infrastructure used by the entire Flotent enterprise;

    o   The person who personally guaranteed Wells Fargo corporate credit used by Defendants for international operations.

3.  Trademark Ownership.

    Flotent LLC (Florida) is the owner of the federally registered **FLOTENT® family of trademarks**, including at minimum:

FLOTENT® - Reg. No. 6,838,756

FLOTENT GL3G® - Reg. No. 6,839,346

POLYPAM® - Reg. No. 6,839,347

FLOTFLOC® - Reg. No. 6,839,348

(collectively, the "FLOTENT Marks").

4. **Foreign Entity Formation and Misappropriation.**

Defendants **formed a series of foreign Flotent entities**, including Flotent Chemicals RUS LLC (Russia), Flotent Chemicals Shanghai Co. Ltd (China), and Flotent Chemicals CA LLC (Uzbekistan), **without initially naming Plaintiff or the Florida LLC as owners.**

After forming them, Defendants **disclosed their existence to Plaintiff** and **represented that these entities were part of the unified Flotent enterprise** and that **Plaintiff (or Flotent LLC Florida) would be added as owner** under a promised holding-company structure.

Plaintiff relied on these promises and continued to finance, operate, and expand the business. **Defendants later reneged, excluded Plaintiff, and used the foreign entities to divert revenue, assets, customers, goodwill, and trademark value belonging to Plaintiff and Flotent LLC.**

5. Plaintiff brings this action **both**:

   o **Individually** for injuries to Plaintiff personally, including theft of his ownership interest, misuse of his identity/signature stamp, and exploitation of his personal guarantees; and

3

o  **Derivatively** on behalf of Flotent LLC, which is named as a nominal defendant.

## II. PARTIES

6.  **Plaintiff Edward Sartan** is an individual residing in **Broward County, Florida**. At all relevant

times, he:

o  Organized **Flotent LLC** and **Flotent Chemicals LLC** in Florida;

o  Served as managing member and President/CEO of Flotent Chemicals LLC;

o  Personally guaranteed the companies' U.S. banking and credit obligations, and;

o  Registered trademarks, and developed the enterprise.

7.  **Nominal Defendant Flotent LLC** is a Florida limited liability company, organized in 2016, with

principal place of business historically in Miami-Dade County.

8.  **Defendant Aleksey Marfitsin** is believed to reside in Uzbekistan based on Florida filings

submitted by Defendants. He is listed as an "authorized member" of Flotent LLC and is a principal

of the Russian entity FLOTENT CHEMICALS RUS LLC.

9.  **Defendant Otabek Rakhmatullaev** is believed to reside in Uzbekistan. He is listed as an

"authorized member" of Flotent LLC and served as Business Development Director and de facto

managing officer.

10.  **Defendant Flotent Chemicals RUS LLC ("FCRUS")** is a Russian legal entity formed and

controlled by Defendants, using the FLOTENT Marks and holding itself out as part of the Flotent

"Group of Companies."

11.  **Defendant Flotent Chemicals Shanghai Co. Ltd ("FCSH")** is a Chinese legal entity formed and

controlled by Defendants, using the FLOTENT Marks to re-invoice and obscure the origin of

Flotent products.

4

12. **Defendant Flotent Chemicals CA LLC** ("FCCA") is an Uzbekistan entity, controlled by Defendants, using the FLOTENT Marks and acting as a local mirror to the Florida entities.

13. Collectively, Defendants **Marfitsin**, **Rakhmatullaev**, **FCRUS**, **FCSH**, and **FCCA** are the **"Wrongful Actors"** or the **"RICO Defendants."**

## III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including (a) the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and (b) the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c).

15. This Court also has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity between Plaintiff (a citizen of Florida) and the individual Defendants (foreign citizens) and several defendant entities (foreign entities).

16. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the related state-law claims (civil theft, breach of fiduciary duty, conversion, unjust enrichment, accounting, and declaratory/injunctive relief) because they form part of the same case or controversy as the federal Lanham Act and RICO claims and arise from the same nucleus of operative facts.

17. The FLOTENT Marks are federally registered in the name of Flotent LLC (Florida). Defendants' use of identical or confusingly similar marks in foreign commerce and in commerce affecting the United States—while targeting U.S.-connected customers and using U.S. banking, credit, and corporate infrastructure—causes injury to Plaintiff and to the Florida trademark owner in this District. The alleged RICO enterprise likewise used interstate and foreign wires and mails

5

(including emails, bank transfers, trademark-related filings, and corporate filings in Florida), causing injury to Plaintiff and Flotent LLC in this District.

18. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida, including the formation and operation of the Florida entities, the registration and maintenance of the FLOTENT Marks, banking and credit arrangements with Wells Fargo, and Defendants' use of Florida corporate filings to seize control. The Miami Division is appropriate because the principal place of business of the Florida entities and the core management, banking, and trademark activities at issue were centered in Miami-Dade County and neighboring areas.

## IV. GENERAL FACTUAL ALLEGATIONS

### A. Formation of the Flotent Enterprise

19. In 2016, Plaintiff organized **Flotent LLC** and its operating company **Flotent Chemicals LLC** under Florida law to develop, market, and sell specialty chemical products, including flotation reagents and flocculants branded under the **FLOTENT** and **FLOTFLOC** names.

20. Over time, Plaintiff, Marfitsin, and Rakhmatullaev agreed on an operational structure under which ownership and economics would be divided approximately **one-third each (33/33/33)** among them.

21. Throughout 2016–2021, Defendants repeatedly referred in emails to **"our partnership," "our group of companies," "Flotent Group,"** and acknowledged that **"we have been partners for 5 years already."**

22. Plaintiff handled U.S. formation, compliance, and banking, while Defendants focused on operations in Russia, Uzbekistan, China, and surrounding markets.

### B. Registration and Ownership of the FLOTENT Marks

6

23. Plaintiff caused **Flotent LLC (Florida)** to apply for and obtain **federal trademark registrations** for the **FLOTENT Marks**, including at least registrations for "FLOTENT" and "FLOTFLOC" in connection with chemical products. Those registrations remain in force and are owned by Flotent LLC.

24. Plaintiff also organized and paid for **international trademark registrations** in multiple foreign jurisdictions (including Uzbekistan, China, Kazakhstan, Europe, Canada, and others) to protect the FLOTENT brand.

25. Defendants agreed that the **Florida parent entity** would own the trademarks, and that the foreign entities and distributors would use those marks under the umbrella of the joint enterprise.

## C. Management Fee Agreement and Corporate Control

26. On or about **July 8, 2016**, Flotent Chemicals LLC and Defendant **Rakhmatullaev** executed a **Management Fee Agreement** ("MFA") appointing him as **Business Development Director / Manager for Central Asia**, with authority to develop and manage business in certain territories on behalf of the Florida company.

27. In **2018**, the parties executed **Amendment No. 1** and **Amendment No. 2** to the MFA, which:

- Adjusted his monthly compensation;
- Granted him a **4% profit share**; and
- Confirmed his ongoing managerial authority and executive role.

28. Over several years, Flotent Chemicals LLC paid substantial sums to Defendant **Rakhmatullaev** under the MFA and its amendments via **Wells Fargo** accounts in Florida.

29. Wells Fargo also issued a **Business Elite corporate credit card** in the name of **"FLOTENT CHEMICALS / OTABEK RAKHMATULLAEV,"** using Plaintiff's Florida address and

7

Plaintiff's personal guarantee. Defendants used this card for international business travel and expenses in Russia, Uzbekistan, Kazakhstan, Georgia, and elsewhere.

30. These documents and transactions show that Defendants were not passive members but **hands-on officers and managers** of the Florida enterprise.

## D. Creation and Use of Foreign Flotent Entities

31. Defendants formed the foreign entities FCRUS, FCSH, and FCCA without initially including Plaintiff or Flotent LLC Florida as owners, and afterward informed Plaintiff and represented that these entities were part of the joint Flotent Group and that ownership alignment would follow. Defendants presented these entities to customers as part of a unified **"Flotent Group of Companies"** with Florida as "HQ", used Plaintiff's U.S. company as the face of the group when convenient, and the foreign entities when advantageous for tax, customs, or concealment reasons.

32. In many transactions, customers contacted the enterprise via the **official flotent.com website and email addresses** (owned and created by Plaintiff in Florida), and then Defendants directed which entity—Florida, Russia, or Uzbekistan—would be used for the final contract.

33. Defendants used **Flotent LLC's trademarks, website, and reputation** as the global **"front"**, then diverted profits to the foreign entities and away from the U.S. entities and Plaintiff.

## E. Misuse of Plaintiff's Signature Stamp and U.S. Corporate Identity

34. Defendants created and used a **rubber stamp** of Plaintiff's signature and company seal and used it to:

- Sign intercompany contracts on behalf of Flotent Chemicals LLC;

- Execute shipping documents, customs declarations, and letters of credit;

- Issue letters to foreign counterparties and banks, all **without Plaintiff's contemporaneous review or approval.**

8

35. Defendants thereby held themselves out as **agents of the Florida companies** and used Plaintiff's identity, signature, and corporate credit to conduct international operations.

**F. Diverted Business and Misappropriated Trademark Use**

36. Over time, Defendants began using **FCRUS, FCSH, and FCCA** to:

- Purchase chemical products from manufacturers under the FLOTENT brand;

- Sell those products directly to end customers in Russia, Uzbekistan, and other markets;

- Re-invoice or re-brand products in China to obscure the original source;

- Record the revenue in foreign entities, bypassing the Florida companies.

37. Many customers came to the enterprise via **flotent.com**, U.S. branding, and materials created and paid for by Plaintiff, but were instructed to contract with **FCRUS** or **FCCA** at Defendants' direction.

38. Defendants' use of the **FLOTENT Marks** in connection with **FCRUS, FCSH, and FCCA** was **not licensed** by Flotent LLC after the relationship broke down and was **adverse** to Plaintiff's and Flotent LLC's interests.

**G. Seizure of Control and False Florida Filings**

39. In or about **August 30, 2022**, Defendants, through filings made with the **Florida Department of State (Sunbiz)**, caused amendments to be filed for Flotent LLC and Flotent Chemicals LLC that:

- Changed the companies' principal place of business and mailing addresses from Florida to **Tashkent, Uzbekistan**;

- **Removed Plaintiff** as manager / managing member and officer;

- Recorded Defendants as "authorized members" and "authorized representatives";

- Appointed **Capitol Corporate Services, Inc.** as registered agent without Plaintiff's knowledge or authorization.

40. In subsequent annual reports (2023 and 2024), Defendants continued to file as "authorized member" or "authorized representative" on behalf of the Florida entities, even while excluding Plaintiff from management and diverting business.

41. These filings contain **material misrepresentations** concerning:

- The companies' true principal place of business;

- The authority under which Defendants acted;

- The continuing role of Plaintiff, who remained a one-third owner.

42. Plaintiff later filed a **2025 annual report and amendment** for Flotent LLC to keep it in good standing and restore a Florida registered agent, but by then Defendants had already used the false filings to consolidate de facto control and to argue that they alone controlled the companies.

## H. Harm to Plaintiff and to Flotent LLC

43. As a direct and proximate result of Defendants' conduct:

- Plaintiff has lost income, profits, and value in his one-third interest;

- Flotent LLC (Florida) has lost control over its trademarks and international goodwill;

- Flotent LLC and Plaintiff face reputational risk and potential liability for transactions carried out by the foreign entities under the **FLOTENT** name;

- Plaintiff has incurred legal fees, costs, and expenses trying to uncover the scope of diversion and to restore control.

44. Defendants have been **unjustly enriched** by appropriating the FLOTENT Marks, diverted customers, and using the Florida entities' reputation and credit to build their own foreign enterprises and assets.

## V. DERIVATIVE ALLEGATIONS

10

45. Plaintiff brings certain claims **derivatively** on behalf of **Flotent LLC**, which is named as a **nominal defendant**.

46. Plaintiff is and at all relevant times has been a **member and beneficial owner** of approximately **one-third** of Flotent LLC.

47. The wrongs complained of—including trademark infringement by the Foreign Flotent Entities, diversion of corporate opportunities, and misuse of corporate assets—are **injuries to Flotent LLC itself**, in which Plaintiff's interest is derivative and proportional.

48. Demand on the company's current "management" (the Wrongful Actors) is **futile**, because:

- The very individuals who would respond to a demand are the same persons accused of wrongdoing;

- They control the foreign mirror entities accused of misusing the FLOTENT Marks;

- They have already acted adversely by filing false Sunbiz records and excluding Plaintiff.

49. Accordingly, Plaintiff is excused from making a pre-suit demand and may proceed derivatively.

# COUNTS

## COUNT I – TRADEMARK INFRINGEMENT

(Lanham Act § 32, 15 U.S.C. § 1114)

(Flotent LLC, derivatively by Sartan, against FCRUS, FCSH, FCCA, Marfitsin, and Rakhmatullaev)

50. Plaintiff realleges paragraphs 1–49 as if fully set forth herein.

51. Flotent LLC is the **owner of valid and subsisting U.S. trademark registrations** for the **FLOTENT Marks**, including at least Registration Nos. 6,838,756; 6,839,346; and 6,839,347; 6,839,348, for chemical goods used in mineral processing and related industries.

52. The FLOTENT Marks have been in continuous use in U.S. commerce and internationally, and have developed substantial **goodwill and recognition**.

53. Defendants have used marks that are **identical or confusingly similar** to the FLOTENT Marks in commerce, including in materials, websites, products, and communications connected to FCRUS, FCSH, and FCCA.

54. Such uses have not been authorized, licensed, or consented to by Flotent LLC, particularly **after the breakdown of the relationship and exclusion of Plaintiff**.

55. Defendants' unauthorized use is **likely to cause confusion** among purchasers as to:

- The source, sponsorship, or affiliation of the goods;

- Whether the foreign entities are the same as, or officially affiliated with, Flotent LLC (Florida).

56. Defendants' conduct constitutes **trademark infringement** under **15 U.S.C. § 1114**.

57. As a direct and proximate result, Flotent LLC has suffered damages, including lost profits, loss of control over its marks, and damage to goodwill, and is entitled to **injunctive relief**, **actual damages**, **Defendants' profits**, and **attorney's fees and costs** under 15 U.S.C. § 1117.

**WHEREFORE**, derivatively on behalf of Flotent LLC, Plaintiff demands judgment for damages, disgorgement of profits, permanent injunctive relief, destruction of infringing materials, costs, attorney's fees where available, and all other relief the Court deems just and proper.


## COUNT II – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

(Lanham Act § 43(a), 15 U.S.C. § 1125(a))

(Flotent LLC, derivatively by Sartan, against all Defendants except nominal Flotent LLC)

58. Plaintiff realleges paragraphs 1–57.

59. Defendants have used the **FLOTENT Marks** and confusingly similar designations in commerce in a manner that is likely to cause confusion, mistake, or deception as to:

- The affiliation, connection, or association of Defendants with Flotent LLC;

- The origin, sponsorship, or approval of Defendants' goods by Flotent LLC.

60. Defendants have represented, expressly or impliedly, that FCRUS, FCSH, and FCCA are "Flotent group" companies owned and controlled in the same way as the U.S. entities, when in fact they are being used to divert business and profits.

61. Defendants' conduct constitutes **false designation of origin and unfair competition** in violation of **15 U.S.C. § 1125(a)**.

62. Flotent LLC has suffered and will continue to suffer irreparable injury without injunctive relief.

**WHEREFORE**, derivatively on behalf of Flotent LLC, Plaintiff requests judgment for injunctive relief, damages, lost profits, corrective advertising, costs, attorney's fees where allowed, and such further relief as the Court deems just.


## COUNT III – CIVIL RICO (18 U.S.C. § 1962(c))

(Direct and derivative, against Marfitsin, Rakhmatullaev, FCRUS, FCSH, FCCA)

63. Plaintiff realleges paragraphs 1–62.

64. At all relevant times, Defendants constituted an **"enterprise"** within the meaning of 18 U.S.C. § 1961(4), namely a group of individuals and entities associated in fact (the "Flotent Enterprise") engaged in, and whose activities affected, **interstate and foreign commerce**.

65. The Flotent Enterprise's purpose included:

- Misappropriating the FLOTENT Marks and associated goodwill;

- Diverting business and profits from Flotent LLC (Florida) to foreign entities;

13

- Concealing the origin of goods and true ownership structures;

- Depriving Plaintiff of his share of partnership/joint venture profits and corporate value.

66. Each RICO Defendant conducted or participated in the conduct of the Enterprise's affairs through a **pattern of racketeering activity**, including but not limited to:

- **Wire fraud** (18 U.S.C. § 1343): repeated interstate and international email communications and electronic transfers used to divert funds, conceal ownership, misrepresent authority, and mislead Plaintiff, banks, customers, and agencies;

- **Mail fraud** (18 U.S.C. § 1341): use of mails and courier services to transmit contracts, filings, and communications that contained material misrepresentations;

- **Bank fraud** (18 U.S.C. § 1344): use of Plaintiff's personal guarantees and corporate accounts to obtain banking services and credit while concealing diversion of proceeds;

- **Use of false public records**: filing of misleading Florida Sunbiz documents to consolidate control and oust Plaintiff from management.

67. These predicate acts occurred over multiple years (2016–2025) and were related, continuous, and directed toward a common purpose: siphoning off value from the Flotent enterprise and from Plaintiff.

68. As a direct and proximate result of Defendants' RICO violations, Plaintiff and Flotent LLC have been **injured in their business and property**, including:

- Loss of trademark and business value;

- Diversion of profits;

- Costs and legal fees incurred to uncover and address the misconduct;

- Diminution of Plaintiff's one-third interest in Flotent LLC.

69. Under 18 U.S.C. § 1964(c), Plaintiff is entitled to **treble damages**, costs, and reasonable attorney's fees (if represented in the future), along with all other relief permitted by law.

**WHEREFORE**, Plaintiff requests judgment against all RICO Defendants, jointly and severally, for treble damages, costs, and such other and further relief as the Court deems just and proper.

## COUNT IV – CIVIL RICO CONSPIRACY (18 U.S.C. § 1962(d))

(Against all RICO Defendants)

70. Plaintiff realleges paragraphs 1–69.

71. Defendants knowingly agreed and conspired to violate 18 U.S.C. § 1962(c) as described above.

72. Each Defendant was aware of the essential nature and scope of the enterprise and its goal of diverting FLOTENT business and trademarks and intentionally joined that scheme.

73. As a direct and proximate result, Plaintiff and Flotent LLC suffered the injuries described above.

**WHEREFORE**, Plaintiff requests judgment for treble damages, costs, and such other relief as the Court deems just.

## COUNT V – CIVIL THEFT

(Fla. Stat. §§ 812.014, 772.11)

(Direct and derivative, against Marfitsin and Rakhmatullaev)

74. Plaintiff realleges paragraphs 1–73.

75. Defendants knowingly obtained or used, or endeavored to obtain or use:

- Money, business opportunities, and corporate property of Flotent LLC and Flotent Chemicals LLC;

- Plaintiff's one-third economic interest in same; and

- The FLOTENT Marks and associated goodwill,

15

with intent to **deprive** Plaintiff and Flotent LLC of their rights to the property or appropriate it to their own use.

76. Plaintiff has served or will serve a **Civil Theft Notice** complying with Fla. Stat. § 772.11, and more than 30 days will have passed without payment, or payment will be refused.

77. Under Fla. Stat. § 772.11, Plaintiff is entitled to **treble damages**, costs, and reasonable attorney's fees (if represented).

**WHEREFORE**, Plaintiff requests treble damages, fees, and costs under Fla. Stat. § 772.11.


## COUNT VI – BREACH OF FIDUCIARY DUTY

(Derivative and direct, against Marfitsin and Rakhmatullaev)

78. Plaintiff realleges paragraphs 1–77.

79. As members, managers, and officers of Flotent LLC and Flotent Chemicals LLC, Defendants owed fiduciary duties of **loyalty, care, and good faith** to the company and to Plaintiff as a co-member.

80. Defendants breached their fiduciary duties by, among other things:

- Forming and using foreign mirror entities to divert business;

- Misusing the FLOTENT Marks and trademark registrations for personal gain;

- Filing false and misleading public records;

- Excluding Plaintiff from management and information;

- Misusing company funds and credit facilities.

81. As a result, Plaintiff and Flotent LLC suffered the damages described above.

**WHEREFORE**, Plaintiff seeks damages, equitable relief, removal of Defendants from any role in the companies, disgorgement, and all further relief the Court deems just.

## COUNT VII – CONVERSION

(Direct and derivative, against Marfitsin and Rakhmatullaev)

82. Plaintiff realleges paragraphs 1–81.

83. Defendants wrongfully exercised dominion and control over:

- Company money and receivables;

- Corporate opportunities that belonged to Flotent LLC and Flotent Chemicals LLC;

- The FLOTENT Marks and goodwill;

- Plaintiff's share of profits and corporate value.

84. Such control is inconsistent with the rights of Plaintiff and Flotent LLC and constitutes **conversion** under Florida law.

**WHEREFORE,** Plaintiff seeks judgment for all damages resulting from the conversion, plus interest and costs.

## COUNT VIII – UNJUST ENRICHMENT

(Direct and derivative, against all Wrongful Actors)

85. Plaintiff realleges paragraphs 1–84.

86. Defendants have been enriched by their use of:

- The FLOTENT Marks;

- The Florida corporate structure and credit;

- The diverted customers and business opportunities;

- The payments and benefits provided by Plaintiff and the Florida entities.

87. It would be **unjust** for Defendants to retain these benefits without compensating Plaintiff and Flotent LLC.

17

**WHEREFORE**, Plaintiff seeks restitution, disgorgement, and all other equitable relief the Court deems just.

## COUNT IX – ACCOUNTING

(Derivative and direct, against Marfitsin and Rakhmatullaev)

88. Plaintiff realleges paragraphs 1–87.

89. The financial relationships among Plaintiff, the Florida entities, and the Foreign Flotent Entities are highly complex and involve international accounts and records uniquely in Defendants' possession.

90. Plaintiff and Flotent LLC are entitled to a **full accounting** of:

- All revenues, costs, and profits relating to FLOTENT-branded products since 2016;

- All intercompany transfers among the Florida entities and Foreign Flotent Entities;

- All use of U.S. Wells Fargo accounts and corporate credit cards.

**WHEREFORE**, Plaintiff requests an equitable accounting and further relief consistent with the Court's findings.

## COUNT X – DECLARATORY AND INJUNCTIVE RELIEF

(Against all Defendants except nominal Flotent LLC)

91. Plaintiff realleges paragraphs 1–90.

92. An actual controversy exists as to:

- Ownership and control of the FLOTENT Marks;

- Rights of the Florida entities versus foreign entities;

- The validity of Defendants' Sunbiz filings and claimed authority over the Florida entities.

93. Plaintiff seeks a declaration that:

- Flotent LLC (Florida) is the rightful owner of the FLOTENT Marks;

- Defendants' use of the marks through FCRUS, FCSH, and FCCA is unauthorized and infringing;

- The foreign entities hold any FLOTENT rights in trust for Flotent LLC;

- The Florida filings purporting to remove Plaintiff and relocate the companies to Uzbekistan were unauthorized and invalid as to control and fiduciary duties.

94. Plaintiff further seeks **injunctive relief**:

- Prohibiting further unauthorized use of the FLOTENT Marks;

- Preventing Defendants from filing additional false or misleading public records;

- Requiring Defendants to assign or transfer to Flotent LLC any foreign registrations that conflict with the U.S. ownership of the marks.

**WHEREFORE**, Plaintiff requests the declarations and injunctions set forth above, plus costs and such other relief as the Court deems just.


**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff (individually and derivatively on behalf of Flotent LLC) and against all Defendants (except nominal Flotent LLC) on all applicable counts;

B. Award **actual damages**, **disgorgement of profits**, and, where applicable, **treble damages** under the Lanham Act, Civil RICO, and Florida Civil Theft Statute;

C. Award **pre-judgment and post-judgment interest**;

D. Award **costs of suit** and, where permitted, **reasonable attorney's fees**;

E. Enter **permanent injunctive relief** as described above;

F. Order a full **accounting** of all Flotent-related revenues and profits since 2016;

G. Impose a **constructive trust** over any assets, registrations, or rights obtained by Defendants through

misuse of the FLOTENT Marks or diversion of business; and

H. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: _12/11/2025_

By: _____

EDWARD SARTAN
Plaintiff, pro se
3649 Spanish Oak Pt
Davie, FL 33328
Phone: (202) 937-5880
Email: esartan@protonmail.com

**VERIFICATION**

I, **Edward Sartan**, hereby declare under penalty of perjury under the laws of the United States of America that the facts alleged in this Verified Complaint are true and correct to the best of my knowledge and belief.

I verify this Complaint both:

1. **In my individual capacity**, and

2. **Derivatively on behalf of Flotent LLC**, of which I am a member, for all claims asserted herein that rightfully belong to the company.

Executed on this 11 day of December, 2025.